IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JOHN H. RUSSEY JR.**  **PLAINTIFF**

V.  No. 4:11CV00029 JLH-BD

**TERRY VAUGHN,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.  Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**II.    Background:**

On January 12, 2011, John H. Russey, Jr., a detainee at the Pulaski County Detention Facility, filed this case pro se under 42 U.S.C. § 1983.  (Docket entry #2)  Because the original complaint was deficient, Mr. Russey was instructed to file an amended complaint.  (#5)  He now has filed an amended complaint.  (#7)

Mr. Russey complains about the manner in which he was treated during a custodial interrogation and names as Defendants three Little Rock Police Department detectives.  He has failed to state a constitutional claim under 42 U.S.C. § 1983.

**III.   Discussion:**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or federal law.  42 U.S.C. § 1983.  Although "detailed factual allegations are not required," the complaint must include enough facts to state a claim to relief that is "plausible on its face."  *Ashcroft v. Iqbal*, __ U.S. __ , 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, __ U.S. __ , 129 S.Ct. at 1940.  Pro se complaints are construed liberally, but they still must allege "sufficient facts to support the claims advanced."  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In his complaint, Mr. Russey alleges that Defendant Vaughn threatened him during an interrogation by stating that Mr. Russey was "going down" and that Defendant Vaughn would "get him one way or the other." Mr. Russey claims that Defendants White and Martin are liable because they failed to intervene. In addition, in his original complaint, Mr. Russey complains about the offenses he has been charged with and questions whether officers will be permitted to testify at any upcoming hearings or trials.

"Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." *Hopson v. Fredericksen* 961 F.2d 1374, 1378 (8th cir. 1992) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985). The United States Supreme Court has held that "unauthorized police behavior" that "shock[s] the conscience" could give rise to § 1983 liability, but Mr. Russey has not alleged misconduct rising to this level in either of his complaints. See *Chavez v. Martinez*, 538 U.S. 760, 774, 123 S.Ct. 1994 (2003). Mr. Russey does not allege that any of the named Defendants used physical force against him or threatened to use their weapons at any time during the interrogation. See also *Harris v. St. Louis Police Dept.*, 164 F.3d 1085 (8th Cir. 1998) (plaintiff stated constitutional claim where officer threatened to use weapons and physical force against suspect).

Finally, Mr. Russey's complaints about the offenses he has been charged with do not state a claim for relief under 42 U.S.C. § 1983.

## IV.   Conclusion:

The Court recommends that John H. Russey, Jr.'s claims be dismissed without prejudice. The Court also recommends that the District Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 23rd day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE